THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ELIZABETH VILLALOBOS,

Plaintiff,

v.

EZCORP, INC.,

Defendant.

OPINION AND ORDER

12-cv-852-slc

---

In this civil action for declaratory and monetary relief, plaintiff Elizabeth Villalobos alleges that defendant EZCorp, Inc. violated Wisconsin's Payday Loan statute, the Wisconsin Consumer Act, the Wisconsin deceptive trade practices statute and state common law when it gave her a $1,500 "payday" loan, then embarked on a campaign of debt collection harassment culminating in an unauthorized withdrawal of $500 from plaintiff's bank account. Before the court is defendant's motion to dismiss or stay the proceedings and compel plaintiff to participate in arbitration under the Federal Arbitration Act, 9 U.S.C. § 9 U.S.C. § 1 *et seq.* Plaintiff does not dispute that she signed an agreement with defendant that contained an arbitration clause, but she asks this court not to enforce the clause on the ground that it is unconscionable. For the reasons stated below, I find that the arbitration clause is valid and enforceable. Accordingly, I will grant defendant's motion and dismiss this case.

BACKGROUND

The material facts are undisputed: plaintiff Elizabeth Villalobos is a married, 33-year old woman residing in Madison, Wisconsin. From March 21, 2011 until at least the time she initiated this lawsuit, she was employed full time by Dean Clinics as a data analyst.

Defendant EZCORP, Inc., is a national corporation incorporated under the laws of Delaware with its principal offices located in Austin, Texas. Defendant operates EZMoney Wisconsin, Inc., which conducts business as EZMONEY Payday Loans.

On May 16, 2011, plaintiff applied for and entered into a written loan agreement (the "Agreement") with EZMONEY Wisconsin, Inc. at its Fitchburg, Wisconsin office. EZMONEY loaned plaintiff $1,500.00, to be paid back in 14 bi-weekly payments of $294.64 beginning on May 26, 2011. The loan's annual percentage rate was 486.6%.

The Agreement contains a "Waiver of Jury Trial and Arbitration Provision," which called for the arbitration of all "disputes" arising under the Agreement. Complaint, dkt. 1, exh. A. The Agreement defines "disputes" to include "all claims, disputes, or controversies arising from or relating directly or indirectly to the signing of this Arbitration Provision, the validity and scope of this Arbitration Provision and any attempt to set aside this Arbitration Provision." *Id*. EZMONEY employees did not explain the provision to plaintiff or inform her that she was waiving her rights to pursue claims in court by signing the loan contract. Other clauses of the Arbitration Provision will be discussed where relevant below.

OPINION

**I. The Federal Arbitration Act and State Law Unconscionability**

The parties agree that this court must decide defendant's motion by applying the Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq*. To compel arbitration under the Act, defendant must show: 1) a written agreement to arbitrate; 2) a dispute within the scope of the arbitration agreement, and 3) a refusal by plaintiff to proceed to arbitration. 9 U.S.C. §§ 2-4; *Zurich Am.*

*Ins. Co. v. Watts Indus.*, 466 F.3d 577, 580 (7th Cir. 2006). Plaintiff does not dispute that all three criteria are met in this case. Instead, she resists arbitration by invoking the final phrase of §2, (known as the FAA's "saving clause") which permits a court to declare an arbitration agreement unenforceable "upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Under this provision, a court may apply state law to invalidate an arbitration provision "*if* that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally." *Perry v. Thomas*, 482 U.S. 483 492, n. 9 (1997) (emphasis in original). Stated another way:

> States may regulate contracts, including arbitration clauses, under general contract law principles and they may invalidate an arbitration clause "upon such grounds as exist at law or in equity for the revocation of *any* contract." 9 U.S.C. § 2 (emphasis added). What States may not do is decide that a contract is fair enough to enforce all its basic terms (price, service, credit), but not fair enough to enforce its arbitration clause. The Act makes any such state policy unlawful, for that kind of policy would place arbitration clauses on an unequal "footing," directly contrary to the Act's language and Congress's intent.

*Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 281 (1995). Put more succinctly, "Although § 2's saving clause preserves generally applicable contract defenses, it does not suggest an intent to preserve state-law rules that stand as an obstacle to the accomplishment of the FAA's objectives." *AT&T Mobility LLC v. Concepcion*, ___ U.S. ___, 131 S. Ct. 1740, 1743 (2011).

Plaintiff asks this court to declare the Arbitration Provision in her contract unenforceable under Wisconsin's general principles concerning unconscionable contracts. In Wisconsin, unconscionability means "an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." *Disc. Fabric House of Racine, Inc. v. Wis. Tel. Co.*, 117 Wis. 2d 587, 601, 345 N.W.2d 417 (1984) (internal

quotation marks omitted). "The underlying principle is one of prevention of oppression or unfair surprise and not of disturbance of allocation of risks because of superior bargaining power." *Cottonwood Financial, Ltd. v. Estes*, 2010 WI App 75, ¶4, 325 Wis. 2d 749, 784 N.W.2d 726 (Wis. App. 2010) (*reversed on other grounds).* As the party resisting arbitration, plaintiff bears the burden of establishing that the arbitration clause is unconscionable. *Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79, 91 (2000). Defendant agrees that it is proper for this court to apply Wisconsin's law on unconscionability to the Arbitration Provision, but contends that this results in a finding that the Arbitration Provision is not unconscionable.

To determine whether a contract is unconscionable, a court weighs procedural and substantive factors on a case-by-case basis. *Wis. Auto Title Loans v. Jones*, 2006 WI 53, ¶¶ 29, 33, 290 Wis. 2d 514, 714 N.W.2d 155; *Disc. Fabric House of Racine, Inc.*, 117 Wis. 2d at 602, 345 N.W.2d 417. Procedural factors include the "age, education, intelligence, business acumen and experience, relative bargaining power, who drafted the contract, whether the terms were explained to the weaker party, whether alterations in the printed terms were possible, [and] whether there were alternative sources of supply for the goods in question." *Disc. Fabric House of Racine, Inc.*, 117 Wis. 2d at 602, 345 N.W. 2d 417 (internal quotation marks omitted); *accord Jones*, 2006 WI 53, ¶ 34, 290 Wis. 2d 514, 714 N.W.2d 155. Substantive unconscionability refers to the reasonableness of the contract terms to which the contracting parties agreed, considered in the light of the commercial background and commercial needs. *Jones,* 2006 WI 53, ¶¶ 35, 36, 290 Wis.2d 514, 714 N.W.2d 155; *Disc. Fabric House of Racine, Inc.*, 117 Wis.2d at 602, 345 N.W.2d 417. "The balance tips in favor of unconscionability when there is a certain quantum of procedural plus a certain quantum of substantive unconscionability."

*Leasefirst v. Hartford Rexall Drugs, Inc.*, 168 Wis. 2d 83, 88-90, 483 N.W. 2d 585 (Ct. App. 1992). "The more substantive unconscionability present, the less procedural unconscionability is required, and vice versa." *Jones*, 2006 WI 53, ¶ 33, 290 Wis.2d 514, 714 N.W.2d 155.

## II. Substantive Unconscionability

Plaintiff contends that three aspects of the Arbitration Provision render it substantively unconscionable:

1) the provision that the parties retain their right to resolve disputes in small claims court;

2) the provision that allows each party to pursue self-help repossession, replevin, injunction or other prejudgment remedies that do not claim money damages, combined with the class action waiver provision; and

3) "uncertainty" about the identity of the arbitrator and the costs and venue of the arbitration.

### A. Small Claims Court Provision

Plaintiff argues that the Arbitration Provision is substantively unconscionable because its small claims court provision unfairly tilts the field toward defendant. This is not apparent from that provision's language: "All parties . . . shall retain the right to seek adjudication in a small claims tribunal or magistrate court for disputes within the scope of such tribunal's or court's jurisdiction." Appearances are deceiving, contends plaintiff, because:

(1) small claims court has a $10,000 jurisdictional ceiling;

(2) defendant's claims against defaulting borrowers are unlikely to exceed $10,000 because of the statutory $1500 lending limit imposed on defendant[1];

---

[1] *See* Wis. Stat. § 138.14(12)(b).

> (3) borrowers' claims against defendant are *likely* to exceed the $10,000 small claims court limit because borrowers will be seeking damage awards greater than $10,000;
>
> (4) *a fortiori*, borrowers are forced into arbitration unless they self-limit their claims to ≤ $9,999, while defendant gets a free pass into small claims court in every case.

Defendant responds that this argument fails at step (3) because there is no evidence to support plaintiff's speculative premise that borrowers are likely to file lawsuits that will seek or will obtain more than $10,000.

These are the maximum penalties under the remedial statutes cited by plaintiff: Wis. Stat. § 138.14(16)($1,500 maximum, no provision for punitive damages); Wis. Stat. § 425.107 ($100 plus actual damages under subsection (5)); Wis. Stat. § 425.302 (actual damages plus $25); Wis. Stat. § 425.303 ($100 plus actual damages); Wis. Stat. § 425.304 (double finance charge up to maximum of $1,000); and Wis. Stat. § 895.446(3) (actual damages plus exemplary damages not more than 3 times actual damages; this statute applies to damages or loss by reason of intentional conduct that is prohibited by specified criminal statutes, such as retail theft and identity theft). "[W]hen a statute creates a cause of action and provides the remedy, the remedy is exclusive." *John Mohr & Sons, Inc. v. Jahnke*, 55 Wis.2d 402, 412, 198 N.W.2d 363 (1972), *superseded by statute on other grounds*, *Olstad v. Microsoft Corp.*, 2005 WI 121, ¶¶ 23, 74, 284 Wis. 2d 224, 700 N.W.2d 139. Although plaintiff mentions punitive damages, Wis. Stat. § 895.446(3) is the only statute that awards exemplary damages, and then only if there are actual damages or loss caused by criminal conduct on the part of defendant. Given the limited remedies and penalties awarded by these statutes, I agree with defendant that it is highly unlikely that the total penalties and actual damages that could be awarded in a dispute over the Arbitration Provision will routinely approach or exceed $10,000.

Further, the Arbitration Provision provides that any appeal from a small claims judgment shall be arbitrated. Complaint, dkt. 1, exh. A at 3, ¶6 ("Any appeal of a judgment from [a small claims court] shall be resolved in binding arbitration").[2] Thus, the appellate forum would be the same for both parties to the agreement, no matter who sues whom in small claims court. In the absence of any evidence beyond plaintiff's say-so, I am not persuaded that the mutual small-claims carve-out confers a benefit only on defendant. *Cf. Jones*, 2006 WI 53, §§ 64-66, 290 Wis. 2d at 548-49, 714 N.W. 2d 155 (clause in arbitration provision that "saved and excepted" from binding arbitration all of Wisconsin Auto Title Loans' claims against the borrower while permitting borrower to raise claims only before arbitrator found to be so one-sided as to be substantively unconscionable).

**B. Equitable Remedies and Class Action Waiver Provisions**

Next, plaintiff argues that the provision reserving to both sides certain prejudgment procedures or non-damages relief such as self-help repossession, replevin, or injunctive relief contributes to substantive unconscionability. This is the provision:

> Furthermore, nothing in this Arbitration Agreement shall limit the right of you or us to (a) foreclose against any collateral by the exercise of any power under your loan documents or under applicable law; (b) to exercise self-help remedies such as set off or repossession; ©) to obtain provisional or ancillary remedies such as pre-judgment seizure of property, detinue, replevin, or injunctive relief, or to seek or obtain any other traditional equitable relief which does not claim money damages from a court having jurisdiction.
>
> Agreement, at 3, ¶6.

[2] Plaintiff points out that this is contrary to Wisconsin's small claims procedure, but she offers no argument as to why this deviation renders the provision unconscionable.

Plaintiff acknowledges that this provision is facially neutral, but argues that in practice, it confers an unfair advantage to defendant. Plaintiff correctly observes that a borrower would have no occasion to foreclose against collateral or exercise self-help remedies such as set-off or repossession; what's left for the borrower to pursue is equitable relief, most likely the pursuit of an injunction. Plaintiff argues that there are two hidden impediments to any borrower actually seeking an injunction: (1) The burden of proceeding in two forums (arbitration for borrower claims exceeding $10,000 and court proceedings for borrower motions for an injunction), and (2) the Arbitration Provision prohibits class proceedings.

Plaintiff's first argument, raising the possibility of a borrower having to split claims for injunctive and monetary relief between two forums, is barely developed and is not persuasive. First, nothing in the provision *requires* plaintiff to go to circuit court to pursue equitable relief; the provision only says that nothing in the agreement prevents this. Second, the *Jones* case, which plaintiff cites, is not on point. The arbitration provision in that case provided that all disputes between the borrower and the lender had to be arbitrated, "save and except" the lender's right to enforce the borrower's payment obligations in the event of default, by judicial or other process. *Jones*, 2006 WI 53, ¶15. Thus, the lender had a choice of forum–either arbitration or circuit court—for its claims, while the borrower was permitted to raise *all* of his claims only before an arbitrator. *Id*. at ¶66. This meant that if the lender brought a replevin action in circuit court, the borrower could assert an affirmative defense, such as unconscionability, but could not maintain a substantive cause of action based on the same theory unless he brought that case of action to an arbitrator. *Id*. at ¶70. This was unfair, said the court, not just because the borrower had to litigate what was essentially the same claim in

two forums to vindicate his rights, but also because the same burden did not apply to the lender. *Id*. at ¶71. The arbitration provision at issue in this case is much more even-handed, permitting *both* parties to the agreement to pursue equitable remedies in a judicial forum and requiring *both* of them to arbitrate disputes involving dollar amounts exceeding $10,000.

Next, plaintiff argues that the ban on class actions supports a finding of unconscionability because it impinges a borrower's statutory right to bring a class action for injunctive relief under the Wisconsin Consumer Act, Wis. Stat. § 426.110, but does not hinder EZMONEY's equitable remedies. In support, plaintiff again cites *Jones*, 2006 WI 53, ¶73, wherein the Wisconsin Supreme Court cited to the unavailability of classwide injunctive relief as a factor that supported its conclusion that the arbitration provision at issue in that case was substantively unconscionable.

Plaintiff's argument has lost force after *AT&T Mobility LLC v. Concepcion*, – U.S. —, 131 S. Ct. 1740, 1746 (2011), and *Cottonwood Financial, Ltd. v. Estes*, 2012 WI App 12, ¶12, 339 Wis.2d 472, 486-487, 810 N.W.2d 852, 860, both decided after *Jones*. In *Concepcion*, the Court held that the FAA preempted California's *Discover Bank*[3] rule. California's rule, rooted in general unconscionability principles, declared that a class arbitration waiver is unconscionable if it is found in a consumer contract of adhesion in a setting in which disputes between the contracting parties predictably involve small amounts of damages, and if it was alleged that the party with superior bargaining power has carried out a scheme to cheat large numbers of consumers out of individually small sums of money. According to the Court, California's rule was incompatible

[3] *Discover Bank v. Superior Court*, 36 Cal.4th 148, 30 Cal. Rptr.3d 76, 113 P.3d 1100 (2005).

with the goals of the FAA, which was to facilitate streamlined proceedings and expeditious results. *Id*. at 1749-50.

After *Concepcion*, the Wisconsin Court of Appeals decided *Cottonwood Financial,* 2012 WI App 12, a case involving a payday loan agreement similar to that at issue here. As in this case, the loan agreement in *Cottonwood Financial* provided that, with the exception of small claims matters, all disputes between the parties would be resolved by binding arbitration. The agreement also prohibited classwide proceedings. Relying on *Concepcion*, the Wisconsin Court of Appeals rejected the plaintiff's argument that the loan agreement's arbitration provision was substantively unconscionable because it precluded her from proceeding as a member of a class:

> *Concepcion*'s holding is clear: the FAA preempts any state law that classifies an arbitration agreement as unconscionable, and therefore unenforceable, simply because the agreement prohibits an individual from proceeding as a member of a class. Accordingly, under *Concepcion*, the waiver of classwide proceedings in Estes's arbitration agreement with Cottonwood does not render the agreement substantively unconscionable.
>
> *Id*.

The court then rejected plaintiff's challenges to other parts of the arbitration provision.

Seizing on the word "simply" from the above-quoted passage, plaintiff argues that *Concepcion* and *Cottonwood* preclude a court from finding an arbitration provision to be unconscionable *solely* because it contains a class action waiver; these cases do not foreclose consideration of a class action waiver as *a* factor among *other* factors that support a finding of unconscionability. Plaintiff argues that in this case, the class action waiver joins other unfair features of the Arbitration Provision to tip the scale so far toward defendant as to render the Arbitration Provision unconscionable. Plt.'s Response Br., dkt. 13, at 11-12.

In light of *Concepcion*–which declares class arbitration to be incompatible with arbitration as envisioned by the FAA, 131 S. Ct. at 1753—it seems that courts cannot consider a class action waiver as a factor in a broader unconscionability analysis. In *Cottonwood*, the court disregarded entirely the plaintiff's argument about the class action waiver, even though plaintiff also challenged a number of other features of the arbitration provision. In addition, at least one other federal court in Wisconsin has found it inappropriate after *Concepcion* to consider a class action waiver as a factor bearing on unconscionability, even on a case-by-case basis. *Clemins v. GE Money Bank*, 2012 WL 5868659, *5 (E.D. Wis. 2012). In accordance with these cases and the principles espoused in *Concepcion*, I decline to consider the class action waiver as a factor tending to establish the unconscionability of the arbitration provision.[4]

Even if plaintiff turns out to be correct, however, I still would decline to find the arbitration provision substantively unconscionable because no other factors would support this finding. To explain why, it is necessary to discuss plaintiff's remaining challenges to the arbitration provision.

**C. Alleged Lack of Clarity Regarding Arbitrator, Costs and Location of Arbitration**

Plaintiff's final argument, which actually is three arguments wrapped together, is that the arbitration provision is substantively unconscionable because it fails to provide "meaningful guidance" about who would arbitrate the dispute, how much it would cost, or where it would

---

[4] Additional guidance may be forthcoming from the Wisconsin Supreme Court in the *Jones* case, which still is being litigated: the Wisconsin Court of Appeals has asked the Wisconsin Supreme Court for guidance whether the waiver of classwide proceedings in an arbitration clause can, by itself, render an agreement substantively unconscionable. *Wisconsin Auto Title Loans, Inc. v. Jones*, 2013 WL 425449 (Wis. App. Feb. 5, 2013). Unless and until the Wisconsin Supreme Court hold that it can, this court's view is that defendant's position is correct.

be held, and that these uncertainties would dissuade her from seeking arbitration. None of these arguments is persuasive.

With respect to the identity of the arbitrator, the Agreement offered plaintiff a choice of three organizations: the American Arbitration Association, the J.A.M.S. or the National Arbitration Forum (NAF); it also provided that the parties could agree to use a local arbitrator. Agreement, dkt. 1, at 2-3, ¶4. Plaintiff premises her uncertainty argument on the fact that the National Arbitration Forum no longer arbitrates consumer issues. Plaintiff does not explain how this creates confusion or one-sidedness in favor of defendant. Even taking NAF off of the table, plaintiff still has the choice between the other two organizations or a local arbitrator. Plt.'s Response, dkt. 13, at 12. A provision that gives plaintiff the first choice of an arbitrator and options from which to choose is not substantively unconscionable.

With respect to the costs of arbitration, the relevant provision regarding fees states:

> **5. Arbitration Fees and Process.** Regardless of who demands arbitration, at your request we will advance your portion of the expenses associated with the arbitration, including the filing, administrative, hearing and arbitrator's fees ("Arbitration Fees"). Throughout the arbitration, each party shall bear his or her own attorney's fees and expenses, such as witness . . . If allowed by statute or applicable law, the arbitrator may award statutory damages and/or reasonable attorney's fees and expenses. Regardless of whether the arbitrator renders a decision or an award in your favor resolving the dispute, you will not be responsible for reimbursing us for your portion of the Arbitration Fees.

Plaintiff argues that although this language provides that defendant will pay the filing, administrative, hearing and arbitrator's fees, there may be other "expenses associated with the arbitration" for which plaintiff ultimately may be responsible and that may be cost prohibitive. Plaintiff's argument rests on parsing the sentence that defines the term "Arbitration Fees" into

its two clauses, and then assuming that the term "Arbitration Fees" refers only to the second clause, which reads "including the filing, administrative, hearing and arbitrator's fees."

Defendant responds that plaintiff is misstating the provision, and that the definition of the term"Arbitration Fees" includes both clauses, meaning, "the expenses associated with the arbitration, including the filing, administrative, hearing and arbitrator's fees." Defendant, in other words, says that the term "Arbitration Fees" means *all* expenses associated with arbitration, whereas plaintiff says the term means only the filing, administrative, hearing and arbitrator's fees.

Courts are to construe contract terms according to their plain and ordinary meaning. *Town Bank v. City Real Estate Dev., LLC*, 2010 WI 134, ¶ 33, 330 Wis.2d 340, 793 N .W.2d 476. In this instance, neither side does much to advance its position concerning the meaning of the Arbitration Fees provision. Absent further development, I am persuaded that both sides offer a reasonable interpretation of the provision. Nonetheless, this does little to help plaintiff because, even accepting her understanding of the expenses/fees provision, she does not suggest what additional "expenses" associated with the arbitration (apart from her own lawyer and witness fees) might accrue. In *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 90–91 (2000), the Court held that "[t]he 'risk' that [a plaintiff] will be saddled with prohibitive costs is too speculative to justify the invalidation of an arbitration agreement." Here, all plaintiff offers is her opinion that the arbitration agreement "may" result in prohibitive costs. This does not show that the provision is substantively unconscionable.

Finally, plaintiff argues that the Arbitration Provision is unconscionable because it "creates unreasonable uncertainty about where the arbitration will occur." Plt.'s Response Br.,

dkt. 13, at 14. The provision states that the arbitration hearing shall be conducted "in the county of your residence, or within 30 miles from such county, or in the county in which you submitted the Application, or in such other place as shall be ordered by the arbitrator." Complaint, dkt. 1, exh. A, at 3. Although phrasing her argument in terms of "uncertainty," plaintiff argues that the provision is unconscionable because it expands the venue in which her claims could be heard beyond that allowed by the Wisconsin Consumer Act, which also invalidates provisions in consumer transactions that "fix venue." Wis. Stat. § 421.201(10)©).

Whether the Arbitration Provision can be said to "fix venue" is debatable. The provision sets forth a number of consumer-friendly locations, but also allows for the arbitrator to choose "any other place." The provision further states that the arbitrator will apply "applicable substantive law consistent with the FAA." Presumably, this means that the arbitrator will permit arbitration only in a venue consistent with the terms of the Wisconsin Consumer Act.[1]

In any event, plaintiff does not cite any case in which a court has struck down an entire arbitration provision as unconscionable merely because it allows the *possibility* that arbitration could be held in a location not permitted under a state law. Plaintiff's concern that the arbitrator could require her to arbitrate in a "distant locale" is speculative, given the consumer-friendly locations actually listed in the Arbitration Provision. This does not suffice to satisfy plaintiff's burden of showing that the provision is unduly one-sided towards defendant.

In sum, I find no substantive unconscionability in the Arbitration Provision. In the absence of any substantive unconscionability, it is unnecessary to reach the question of

---

[1] Defendant responds that the provision is not unconscionable because the consumer may select from among the venue options set forth, negating any claim by plaintiff about "uncertainty." The provision itself, however, says nothing about who selects the arbitration forum or how it is selected.

procedural unconscionability. *See Jones*, 2006 WI at ¶ 33 ("a determination of unconscionability requires a mixture of *both* procedural and substantive unconscionability . . .. To tip the scales in favor of unconscionability requires a certain quantum of procedural *plus* a certain quantum of substantive unconscionability.")(*emphasis added*). Therefore, the Arbitration Provision is enforceable.

**III. Dismissal is Appropriate**

Defendant asks this court to dismiss this case or, in the alternative, grant a stay. Plaintiff has not opposed dismissal. The FAA provides that once the Court determines that arbitration should be compelled, the Court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3. Although this provision speaks of a stay and not dismissal, a number of circuits have found that there is "a judicially-created exception to the general rule which indicates district courts may, in their discretion dismiss an action rather than stay it where it is clear the entire controversy between the parties will be resolved by arbitration." *Green v. SuperShuttle Int'l, Inc.*, 653 F.3d 766, 769–70 (8th Cir. 2011); *see also Soto–Fonalledas v. Ritz–Carlton San Juan Hotel Spa & Casino*, 640 F.3d 471, 473 (1st Cir. 2011); *Ozormoor v. T–Mobile USA, Inc.*, 354 F. App'x 972, 975 (6th Cir. 2009); *Poteat v. Rich Prods. Corp.*, 91 F. App'x 832, 835 (4th Cir. 2004); *Fedmet Corp. v. M/V BUYALYK*, 194 F.3d 674, 678 (5th Cir.1999).

The Seventh Circuit has not ruled specifically on this issue. The United States District Court for the Northern District of Illinois has adopted the practice of dismissing cases under this

exception. *Chambers v. Aviva Life & Annuity Co.,* 2013 WL 1345455, *4 -5 (N.D. Ill. 2013) (citing cases). As noted in *Chambers*, "the Seventh Circuit has repeatedly affirmed district courts' decisions to dismiss suits where all claims are arbitrable." *Id*. (citations omitted).

I find the reasoning articulated in *Chambers* and the circuit court cases cited above persuasive. Based on this reasoning, I find that this case should be dismissed and not stayed because the entirety of the dispute between the parties is arbitrable.

ORDER

IT IS ORDERED that the motion of defendant EZCorp., Inc. for an order compelling arbitration and dismissing these proceedings is GRANTED.

Entered this 12th day of July, 2013.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge